# IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| ANNA MAY RICHTER,<br><br> Plaintiff,<br><br>V.<br><br>BEN SMITH, in his individual capacity as Sac County Attorney,<br><br> Defendant. | No.<br><br>**AMENDED COMPLAINT** |

COMES NOW, Anna Richter, by and through her attorney, Julia A. Ofenbakh, through undersigned counsel, alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is and at all times material hereto was a resident of Dallas County, Iowa.
2. Defendant Ben Smith is a resident of Sac County, Iowa and at all times material hereto was an elected public official; Sac County Attorney for Sac County, Iowa.
3. This Court has jurisdiction over Plaintiff's federal civil rights claim pursuant to 28 U.S.C. §1331 and 1343.
4. Plaintiffs also invoke the supplemental jurisdiction of this Court over their State claims against the Defendant for common law violations pursuant to 28 U.S.C. 1367 as common law claims from part of the same case or controversy.
5. The events that form the basis of Plaintiff's Complaint occurred in Sac County, Iowa.
6. Venue is proper in the Northern District Court of Iowa pursuant to 28 U.S.C. §1391(b).

## BACKGROUND

7. First Amendment to the United States Constitution protects individual's speech, including criticism of public officials. *Garrison v. State of La*, 379 U.S. 64, 722-73 (1964).

8. Fourth Amendment to the United States Constitution protects individuals from unreasonable searches. *Delaware v. Prouse*, 440 U.S. 648, 653-54 (1979).

9. Fourteenth Amendment to the United States Constitution entitles individuals to due process when deprived of life, liberty, or property. U.S. Const., Amend. XIV.

10. Prosecutors are protected by prosecutorial immunity unless their actions are investigatory in nature, retaliatory, or performed with ulterior motives. *Hartman v. Moore*, 547 U.S. 250, 259 (2006).

11. A prosecutor abuses his power when he uses his position of authority to advance personal agenda. *Hartman v. Moore*, 547 U.S. 250, 259 (2006).

12. Prosecutorial immunity does not extend to prosecutors in the event they sign an affidavit as a witness with knowledge that there is no probable cause. *Morley v. Walker*, 175 F.3d 756, 760 (9th Cir. 1999).

13. This action arises under the Constitution of the United States, particularly the First, Fourth and Fourteenth Amendments, and under the laws of the United States, particularly the Civil Rights Act, 42 U.S.C. § 1983 for violations of Plaintiff's civil and constitutionally protected rights.

14. This action also gives rise to relief under state law claims under Iowa Code 669, this Court has jurisdiction of the subject matter of these claims pursuant to the provisions of Iowa Code Section 669.4.

## INDIVIDUALS INVOLVED

15. <u>Ben Smith</u> ("Smith") is a Sac County Attorney who publically filed a Search Warrant Affidavit and Application to Search and Seize Anna Richter's property on July 9, 2014 (collectively "Search Warrant").

16. <u>Anna Richter</u> ("Anna") is a target of Smith's abuse.

17. <u>Tracey Richter</u> ("Tracey") is Anna's daughter, convicted by Smith of murder for the shooting of Dustin Wehde ("Wehde").

18. <u>Ed Magedson</u> ("Magedson") founded Ripoff Report and manages Xcentric Ventures.

19. <u>Darren Meade</u> ("Meade") is a former business partner of Roberts and Magedson's associate.

20. <u>Michael Roberts</u> ("Roberts") is Tracey's ex-husband, a suspect in shooting investigation, Smith's close friend and confidant, former partner of Meade, and a public advocate against Ripoff Report and Magedson.

<u>Tracey Richter</u>

21. Tracey was married to Roberts at the time of the homicide of Wehde in their Early, Iowa, home on December 13th, 2001.

22. In the course of ten years, two Sac County Attorneys did not charge Tracey with a crime because the case was deemed self-defense.

23. Tracey always maintained her innocence and suspected Roberts orchestrated the incident.

24. Tracey and Roberts subsequently divorced and were involved in continuous custody disputes of their two minor children.

25. In 2011, newly elected Sac County Attorney Smith was convinced by Roberts to re-open the case and charge Tracey with murder of Wehde.

26. Tracey was convicted in late 2011 of murder in the first degree, with her post-conviction appeal currently pending with Iowa Court of Appeals.

27. Upon Tracey's conviction, Tracey's and Roberts' children were placed in custody of Anna as Roberts is an Australian citizen and was feared to take the children to Australia.

28. Smith testified on behalf of Roberts in one of the hearings, provided an Affidavit on Roberts behalf, and wrote a letter to Australian Consulate requesting Australian passports for the children.

## Ed Magedson

29. Magedson is the founder of the Ripoff Report website which provides a free service to post complaints about consumers' personal experiences with businesses.

## Michael Roberts

30. At the time of the attack Roberts was Tracey's husband and father to two of her children, and the beneficiary of life insurance on his wife's life.

31. Roberts was Wehde's neighbor and mentor, as well as the employer to Wehde's mother.

32. On February 13th, 2002, as part of the homicide investigation Roberts took a polygraph examination where his truthfulness could not be verified and thus he could not be cleared from being involved in the attack on his wife's life.

4

33. Roberts maintains his career in the online reputation management industry, erasing and burying content his clients do not want seen, through websites including "Rexxfield" *See e.g.,* www.rexxfield.com.

34. Roberts has an extensive history of conflict and hostility towards Richters, Ripoff Report, and Magedson.

35. Multiple negative reports have been posted to Ripoff Report about Roberts.

36. In 2013, Roberts began an online campaign to shut down the Ripoff Report website utilizing business contacts of Xcentric, which, in turn, lead Xcentric to file a lawsuit against Roberts.

37. On or about January 24th, 2014, Roberts filed his own lawsuit against Anna Richter, Tracey Richter, Xcentric, and several others, in Polk Country, Iowa. *See Roberts v Richter*, et al., Case No. 05771 LACL129566.

38. On or about July 29, 2014, Roberts dismissed his civil case relying on the Search Warrant and claiming to be avenged criminally by the Sac County Attorney.

39. After Tracey was convicted and sentenced to life in prison, Roberts, with the assistance of Ben Smith, took the two children Tracey and Michael shared out of the country without consulting or notifying Tracey.

### Darren Meade

40. Mead and Roberts were once business partner but parted separate ways at one point in time and became enemies.

41. In the later part of 2011, Meade contacted Magedson to provide him with information about Roberts and his attempt to hack Ripoff Report.

42. After both Meade and Magedson learned of Tracey's case, Meade wrote articles about her wrongful conviction, including some articles about Smith and Roberts, and Magedson published the articles believing they were of public concern.

43. In July 2014, Smith made multiple allegations that Tracey and her mother are the source of Meade's articles posted on Ripoff Report.

## Anna Richter

44. Anna is a widowed individual and a citizen of the State of Iowa.

45. Anna criticized Ben Smith for his prosecution of her daughter expressing her opinion regarding his motives.

46. Anna communicated her opinions to Meade and Magedson and provided Meade with a copy of discovery submitted by Smith in her daughter's murder trial.

## Ben Smith

47. Smith has testified that he formed a friendship with Michael Robert during the investigation of Tracey Richter's case in 2011. (No. C15-4008-DEO).

48. In a custody proceeding between Tracey and Roberts, Smith testified and provided an affidavit on behalf and in support of Roberts on May 16-17, 2012. (CDCD002755), in which testimony he expressed personal support for Roberts.

49. In the same custody proceeding, Smith submitted an affidavit in support of Roberts gaining custody of Tracey's children, attesting to reviewing the documents from the Roberts' "knotted custodial matters." (CDCD002755 Affidavit of Ben Smith)

50. In the above mentioned Affidavit, Smith stated that Roberts is "completely and unabashedly honest," and that his mother-in- law would position his children against him with her

6

obsessive efforts to publically blame and demonize Roberts for the murder of Wehde. (CDCD002755 Affidavit of Ben Smith).

51. Smith also wrote to the Australian Consulate requesting "emergency action" to allow Roberts' children to leave the United States, claiming that their lives were in danger from their mother, as well as his own life.

52. After Tracey was convicted and sentenced, Smith spent more than 1,500 hours investigating Tracey, Anna, Meade, and others for posting criticisms about the Richter investigation and trial, issuing over 100 investigatory subpoenas, reviewing thousands of documents and listening to hundreds of hours of recorded phone conversations.

53. On July 9, 2014, Smith publicly filed a Search Warrant Affidavit and Application for Anna's house without probable cause and/or evidence that Anna was involved in any illegal activity.

54. As a result of the publication, Smith's unsupported allegations that Anna, Mead, and Magedson were engaged in witness tampering, were circulated online by Roberts, and his known associates.

55. The Search Warrant was seeking to seize all electronic storage devices and email communications from Anna's house.

56. Smith later testified that the application and affidavit were made public and circulated online, in part, to incite electronic communication between Mead and Magedson, whose electronic communication he subsequently subpoenaed.

57. Smith testified that he used information verbatim provided to him by Roberts in Search Warrant without verifying the factual basis of the information provided by Roberts.

58. Smith admitted his activity as prosecutor has been investigatory in nature and not as an advocate for Sac County "your applicant is actively investigating the following crimes:" (Search Warrant p. 2)

59. Smith publically threatened to file criminal charges against Anna Richter.

60. Smith filed criminal charges against Meade in Sac County (FECR012634) on August 28, 2014, making almost identical allegations he made against Anna in the Search Warrant. Meade's criminal charges were dismissed with prejudice on May 27, 2015.

61. Smith filed an Application for a Civil Injunction to Restrain Harassment or Intimidation of Victims or Witnesses under Iowa Code Section 915.22 on August 6, 2014, making almost identical allegations against Magedson as he made against Anna and Meade (CVCV019540). Smith, subsequently, voluntarily withdrew the application on October 12, 2014.

62. Smith's conduct has caused considerable damage and harm to Plaintiff.

63. Among other things, Plaintiff has incurred considerable attorney's fees in connection with search warrant and return of her property. Plaintiff's reputation has been significantly impugned. Plaintiff has experienced considerable and intense emotional distress and psychological trauma as a result of Smith's improper actions.

## COUNT I

## 42 U.S.C. §1983

64. All allegations in this Complaint are incorporated as if fully set forth herein.

65. First Amendment to the United States Constitution protects speech that is critical of public officials.

66. Adopting as his own, without any fact checking, a search warrant affidavit drafted primarily by a third party with a personal vendetta against the Plaintiff, disseminating said affidavit to public, threatening prosecution of the Plaintiff and actually filing criminal charges against one of the people named in the affidavit, by the very prosecutor who was criticized by the Plaintiff constitutes unlawful retaliation by Smith since the activities of Anna are fully protected by the First Amendment.

67. Smith also violated Anna's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the unreasonable searches and seizures of her property when he unlawfully searched her house and confiscated all computer equipment, without probable cause or reasonable basis to believe that Anna Richter had done anything other than exercise her First Amendment right to publically criticize his performance as a prosecutor.

68. As a direct and proximate result of Smith's wrongful conduct as set forth herein, Plaintiff sustained serious and significant damage.

## COUNT II: ABUSE OF PROCESS, VIOLATION OF THE FOURTEENTH AMENDMENT 42 U.S.C. § 1983

69. All allegations in this Complaint are incorporated as if fully set forth herein.

70. All action of Defendant Smith as described herein are assertions of official governmental power or authority undertaken under color of statute, ordinance, regulation, customs, or usages within the meaning of 42 U.S.C., §1983.

71. Smith instituted legal process by issuing County Attorney Subpoenas, applying for a search warrant, and continuing to harass Plaintiff.

72. Smith instituted these legal processes without probable cause and for improper purposes, including making the affidavit public thereby using Plaintiff as bait to initial e-mail communication between unrelated third parties, to suppress speech critical of his actions, and to continue and further his campaign of retaliation against Plaintiff.

73. As a direct and proximate result of Smith's wrongful conduct as set forth herein, Plaintiff sustained serious and significant damage.

## COUNT III: MALICIOUS PROSECUTION/ WRONGFUL INSTITUTION OF CIVIL PROCEEDINGS

74. All allegations in this Complaint are incorporated as if fully set forth herein.

75. Smith lacked probable cause or other good faith basis to apply for a Search Warrant for Plaintiff Anna Richter's home.

76. Smith admitted the Search Warrant was issued publically to instigate communication of third parties other than the recorded subject of the Search Warrant.

77. Smith applied for the Search Warrant for the improper purpose of obtaining improper discovery and continuing to harass Plaintiff and outside parties.

78. As a direct and proximate result of Smith's wrongful conduct as set forth herein, Plaintiff has sustained serious and significant damage.

## COUNT IV: INVASION OF PRIVACY

79. All allegations in this Complaint are incorporated as if fully set forth herein.

80. Defendant Smith placed Plaintiff in a false light before the public.

81. Defendant Smith wrongfully intruded upon Plaintiff's private affairs, including private conversations she had with her daughter and other individuals via phone conversations.

82. Smith's conduct was done with the intent or reckless disregard of the Plaintiff's privacy and was an intentional, and highly offensive, intrusion by Smith upon Plaintiff's right to seclusion and privacy.

83. As a direct and proximate result of Smith's wrongful conduct as set forth herein, Plaintiff has sustained serious and significant damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. For the Court to declare that Smith's conduct in the investigation material to this case violated the First, Fourth and Fourteenth Amendment to the United States Constitution and, further, that Smith has a conflict of interest in continuing any further investigation or prosecution of Plaintiff, Anna Richter.

B. For an order enjoining Smith from continuing his campaign of disturbing Plaintiff, including an injunction precluding further investigation and/or prosecution of Plaintiff by Smith.

C. For the Court to order compensatory damages,

D. For the Court to order exemplary and punitive damages to the extent permitted by law;

E. For the Court to order pre- and post-judgment interest to the extent permitted by law;

F. For the Court to order attorney's fees and expenses pursuant to 42 U.S.C. § 1988;

G. For the Court to order taxable costs; and

H. For the Court to order any such other relief as the Court deems just and appropriate.

# JURY DEMAND

COMES NOW, the Plaintiff and hereby demand a trial by jury in the above captioned matter.

Respectfully submitted,

_____  /s/ Julia A. Ofenabakh_____
 Anna May Richter, Defendant  **OFENBAKH LAW FIRM, PLLC**
541 31st Street, Suite C
Des Moines, IA 50312
Phone: (515) 868-0088
Facsimile: (515) 963-5370
Email: julia@ofenbakhlaw.com
ATTORNEY FOR PLAINTIFF

---

**CERTIFICATE OF SERVICE**

**I hereby Certifiy that on July 5, 2016, I electronically filed this document with the Clerk of Court using the ECF system.**
          */s/ Julia A. Ofenbakh*
**Signature** _____

---