IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| ANNA MAY RICHTER, | ) | No. 16-cv-4098 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ANSWER TO AMENDED COMPLAINT |
| | ) | |
| BEN SMITH, in his Individual | ) | |
| Capacity as Sac County Attorney, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Ben Smith, in his Individual Capacity as Sac County Attorney, for his Answer to Plaintiff's Amended Complaint states:

1. He denies the allegations of paragraph 1 for lack of information and knowledge upon which to form a belief.

2. He admits the allegations of paragraph 2.

3. He denies the allegations of paragraph 3 for lack of information and knowledge upon which to form a belief.

4. He denies the allegations of paragraph 4 for lack of information and knowledge upon which to form a belief.

5. He admits the allegations of paragraph 5.

6. He denies the allegations of paragraph 6 for lack of information and knowledge upon which to form a belief.

7. Defendant asserts that the First Amendment speaks for itself and can neither admit nor deny any allegations as it relates to the case cited in paragraph 7.

8. Defendant asserts that the Fourth Amendment speaks for itself and can neither admit nor deny any allegations as it relates to the case cited in paragraph 8.

9. Defendant asserts that the Fourteenth Amendment speaks for itself and can neither admit nor deny any allegations as it relates to the case cited in paragraph 9.

10. Defendant admits that prosecutors are protected by prosecutorial immunity, but can neither admit nor deny any other allegations as referenced in the case cited in paragraph 10.

11. Defendant can neither admit nor deny the allegations related to the case cited in paragraph 11.

12. Defendant can neither admit nor deny the allegations related to the case cited in paragraph 12.

13. Defendant denies the allegations of paragraph 13 for lack of information and knowledge upon which to form a belief.

14. Defendant denies the allegations of paragraph 14 for lack of information and knowledge upon which to form a belief.

15. Defendant admits that he is the Sac County Attorney, but denies all other allegations of paragraph 15 for lack of information, knowledge and specificity.

16. Defendant denies the allegations of paragraph 16 in their entirety.

17. For answer to paragraph 17, Defendant admits that Tracey Richter is Anna's daughter, and that she was convicted of first degree murder for the shooting of Dustin Wehde.

18. Defendant denies the allegations of paragraph 18 for lack of information and knowledge upon which to form a belief.

19. Defendant denies the allegations of paragraph 19 for lack of information and knowledge upon which to form a belief.

20. Defendant denies the allegations of paragraph 20 for lack of information and knowledge upon which to form a belief.

21. Defendant admits the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22 for lack of information and knowledge upon which to form a belief.

23. Defendant denies the allegations of paragraph 23 for lack of information and knowledge upon which to form a belief.

24. Defendant admits that Tracey and Robert subsequently divorced, but denies all other allegations of paragraph 24 for lack of information and knowledge upon which to form a belief.

25. Defendant denies the allegations of paragraph 25.

26. Defendant admits the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27 for lack of information and knowledge upon which to form a belief.

28. Defendant denies the allegations of paragraph 28 for lack of information and knowledge and for lack of specificity.

29. Defendant denies the allegations of paragraph 29 for lack of information and knowledge upon which to form a belief.

30. Defendant denies the allegations of paragraph 30 for lack of information and knowledge upon which to form a belief.

31. Defendant denies the allegations of paragraph 31 for lack of information and knowledge upon which to form a belief.

32. Defendant denies the allegations of paragraph 32 for lack of information and knowledge upon which to form a belief.

33. Defendant denies the allegations of paragraph 33 for lack of information and knowledge upon which to form a belief.

34. Defendant denies the allegations of paragraph 34 for lack of information and knowledge upon which to form a belief.

35. Defendant denies the allegations of paragraph 35 for lack of information and knowledge upon which to form a belief.

36. Defendant denies the allegations of paragraph 36 for lack of information and knowledge upon which to form a belief.

37. Defendant denies the allegations of paragraph 37 for lack of information and knowledge upon which to form a belief.

38. Defendant denies the allegations of paragraph 38 for lack of information and knowledge upon which to form a belief.

39. Defendant denies the allegations of paragraph 39 for lack of information and knowledge upon which to form a belief.

40. Defendant denies the allegations of paragraph 40 for lack of information and knowledge upon which to form a belief.

41. Defendant denies the allegations of paragraph 41 for lack of information and knowledge upon which to form a belief.

42. Defendant denies the allegations of paragraph 42 for lack of information and knowledge upon which to form a belief.

43. Defendant denies the allegations of paragraph 43 for lack of information and knowledge upon which to form a belief.

44. Defendant denies the allegations of paragraph 44 for lack of information and knowledge upon which to form a belief.

45. Defendant admits the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46 for lack of information and knowledge upon which to form a belief.

47. Defendant admits the allegations of paragraph 47.

48. For answer to paragraph 48, Defendant admits that he provided an affidavit on behalf of Roberts, but denies all other allegations for lack of information, knowledge and specificity.

49. For answer to paragraph 49, Defendant admits that he provided an affidavit on behalf of Roberts, but denies all other allegations for lack of information, knowledge and specificity.

50. Defendant admits the allegations of paragraph 50.

51. For answer to paragraph 51, Defendant admits that he wrote to the Australian Consulate but denies all other allegations for lack of information, knowledge and specificity.

52. For answer to paragraph 52, Defendant admits that after Tracey was convicted he spent time investigating certain matters, but denies the remaining allegations for lack of information, knowledge and specificity.

53. Defendant denies the allegations of paragraph 53 in their entirety.

54. Defendant denies the allegations of paragraph 54 in their entirety.

55. Defendant denies the allegations of paragraph 55 for lack of information, knowledge and specificity and further, the search warrant speaks for itself.

5

56. Defendant denies the allegations of paragraph 56 for lack of information, knowledge and specificity.

57. Defendant denies the allegations of paragraph 57 for lack of information, knowledge and specificity.

58. Defendant denies the allegations of paragraph 58 for lack of information, knowledge and specificity.

59. Defendant denies the allegations of paragraph 59 for lack of information, knowledge and specificity.

60. Defendant admits that criminal charges were filed against Meade in Sac County, but denies all other allegations of paragraph 60 for lack of information, knowledge and specificity.

61. Defendant admits that an application for a civil injunction to restrain harassment or intimidation of victims or witnesses was filed, but denies all other allegations of paragraph 61 for lack of information, knowledge and specificity.

62. Defendant denies the allegations of paragraph 62 in their entirety.

63. Defendant denies the allegations of paragraph 63 in their entirety.

COUNT I

42 U.S.C. §1983

64. For answer to paragraph 64, Defendant incorporates herein his answers to allegations in the Amended Complaint as if fully set forth herein.

65. Defendant asserts that the First Amendment speaks for itself, and he is not in a position to admit or deny the allegations of paragraph 65.

66. Defendant denies the allegations of paragraph 66 in their entirety.

67. Defendant denies the allegations of paragraph 67 in their entirety.

6

68. Defendant denies the allegations of paragraph 68 in their entirety.

## COUNT II: ABUSE OF PROCESS, VIOLATION OF THE FOURTEENTH AMENDMENT 42 U.S.C. §1983

69. For answer to paragraph 69, Defendant incorporates herein his answers to allegations in the Amended Complaint as if fully set forth herein.

70. Defendant denies the allegations of paragraph 70 for lack of information, knowledge and specificity.

71. Defendant denies the allegations of paragraph 71 in their entirety.

72. Defendant denies the allegations of paragraph 72 in their entirety.

73. Defendant denies the allegations of paragraph 73 in their entirety.

## COUNT III: MALICIOUS PROSECUTION/WRONGFUL INSTITUTION OF CIVIL PROCEEDINGS

74. For answer to paragraph 74, Defendant incorporates herein his answers to allegations in the Amended Complaint as if fully set forth herein.

75. Defendant denies the allegations of paragraph 75 in their entirety.

76. Defendant denies the allegations of paragraph 76 in their entirety.

77. Defendant denies the allegations of paragraph 77 in their entirety.

78. Defendant denies the allegations of paragraph 78 in their entirety.

## COUNT IV: INVASION OF PRIVACY

79. For answer to paragraph 79, Defendant incorporates herein his answers to allegations in the Amended Complaint as if fully set forth herein.

80. Defendant denies the allegations of paragraph 80 in their entirety.

81. Defendant denies the allegations of paragraph 81 in their entirety.

82. Defendant denies the allegations of paragraph 82 in their entirety.

83. Defendant denies the allegations of paragraph 83 in their entirety.

WHEREFORE, Defendant prays that Plaintiff's Petition be dismissed at Plaintiff's costs.

## AFFIRMATIVE DEFENSES

84. Plaintiffs have failed to state a claim upon which any relief can be granted.

85. For further answer and by way of an affirmative defense, the Defendant alleges that any and all actions or acts committed by it or on its behalf were discretionary in nature and taken in good faith and objectively reasonable, and that Defendant is protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity and/or judicial immunity.

86. For further answer and by way of an affirmative defense, the Defendant alleges it acted with objective reasonableness under the circumstances then existing, and its conduct was justified and/or privileged.

87. For further answer and by way of an affirmative defense, the Defendant states this court lacks subject matter jurisdiction over all or some of Plaintiff's claims.

88. For further answer and by way of an affirmative defense, the Defendant states Plaintiff is not entitled to punitive damages and/or answering Defendant is immune from any judgment for punitive damages under the provisions of Iowa Code 670.4 & .12 (2005).

89. For further answer and by way of an affirmative defense, the Defendant states that Plaintiff's tort claims against Defendant are governed by the Iowa Municipal Tort Claims Act, Iowa Code Chapter 670. Defendant reserves all privileges, immunities and defenses available to it under this Act including those causes of action for which sovereign immunity has been specifically preserved.

90. For further answer and by way of an affirmative defense, the Defendant states that to the extent Plaintiff's complaint attempts to seek or obtain injunctive or equitable relief, such relief is not available on the grounds that Plaintiff lacks standing, fail to present a justiciable claim and/or has failed to satisfy the "case or controversy" jurisdictional requirement of the United States Constitution.

91. For further answer and by way of an affirmative defense, the Defendant states it was engaged in a public duty and, therefore, immune by virtue of the public duty doctrine.

92. For further answer and by way of an affirmative defense, the Defendant states it is protected from liability by virtue of official immunity and/or the official immunity doctrine.

93. For further answer and by way of an affirmative defense, the Defendant states it acted with reasonable, just and probable cause and its conduct was privileged, justified and warranted.

/s/ Robert M. Livingston
Robert M. Livingston, #AT0004728
Kristopher K. Madsen #AT0004969
STUART TINLEY LAW FIRM LLP
310 W. Kanesville Blvd., 2nd Floor
Council Bluffs, Iowa 51503
Telephone: 712.322.4033
Facsimile: 712.322.6243
Email: kmadsen@stuarttinley.com
Email: rlivingston@stuarttinley.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on JULY 17, 2018, the above and foregoing ANSWER TO AMENDED COMPLAINT was electronically filed with the Clerk of the Court using the ECF system, service being made by ECF upon the following:

Julia A. Ofenbakh
Ofenbakh Law Firm, PLLC
541 31st Street, Suite C
Des Moines, IA 50312
ATTORNEY FOR PLAINTIFF

/s/ Robert M. Livingston